John Frith Stewart, Dennis Franklin Janes, Louisville, for appellants.

Robert L. Chenoweth, Bryan, Fogle & Chenoweth, Frankfort, for appellees.

Before COMBS, DYCHE and GUDGEL, JJ.

COMBS, Judge.

Appellants in this appeal, Deborah Downs and Betty Peyton, are two tenured school teachers employed by the appellee, Henry County Board of Education (Board). When the Board suspended the appellants' continuing service contracts, citing a decline in enrollment, the appellants brought suit in the Henry Circuit Court to challenge the Board's action on the ground that it deprived them of a constitutionally protected property right without due process of law. Appellants argued then and argue now that they were entitled to pre-suspension hearings, but neither was afforded one. The Board moved for summary judgment which the circuit court granted.

The Kentucky law applicable to this appeal is contained within KRS Chapter 161; more specifically, KRS 161.720–.810, governing tenured public school teachers. Appellants enjoyed tenured status under the provisions of KRS 161.740, which meant that they were employed pursuant to a "continuing service contract." A continuing service contract was then defined by KRS 161.720(4) as:

**Deborah DOWNS and Betty Peyton, Appellants,**

v.

**HENRY COUNTY BOARD OF EDUCATION, Ernest Craigmyle, Gary T. Gosser, William H. Peniston, Roy L. Winchester and John W. Smith, Jr., Appellees.**

No. 88–CA–304–S.

Court of Appeals of Kentucky.

Dec. 16, 1988.

Rehearing Denied Jan. 27, 1989.

Discretionary Review Denied by Supreme Court May 31, 1989.

[A] contract for the employment of a teacher which shall remain in full force and effect until the teacher resigns or retires, or reaches the age of sixty-five (65), *or until it is* terminated or *suspended as provided in KRS* 161.790 and *161.800.* (Emphasis court's.)

Both of the appellants agreed in their contracts that their employments would be governed by the pertinent provisions of KRS Chapter 161.

Each of the appellants received a letter from the Assistant Superintendent of the Henry County Public School System dated June 27, 1986, informing them that "because of reduced enrollment at the Henry County Middle School, your contract has been suspended for the 1986–87 school year."

The statute providing for suspension of school teachers is KRS 161.800 which states:

> When by reason of decreased enrollment of pupils, or by reason of suspension of schools or territorial changes affecting the district, a board of education decides that it will be necessary to reduce the number of teachers, it shall have full authority to make reasonable reduction. But, in making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. Teachers whose continuing contracts are suspended shall have the right of restoration in continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified.

It is the argument of the appellants that KRS 161.720(4) and .740 vest them with a property right (their continuing active employment and its appertaining benefits) of which they cannot be deprived without procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. They contend that the procedural due process that was due them was a pre-suspension hearing, notwithstanding the statutory absence of such a requirement. Had they been allowed a pre-suspension hearing, the appellants claim that they would have challenged the Board's rationale of a decline in enrollment as the basis of their suspensions.

Our initial consideration which also forms the foundation of our decision is that:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Years later the United States Supreme Court reaffirmed the proposition that whether a guarantee of a particular property interest has been given can be determined only by an examination of the particular statute in question. *Bishop v. Wood,* 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

KRS 161.720(4) and 161.800 inexorably lead to the conclusion that the appellants do not have a sufficient claim of entitlement to have expected pre-suspension hearings. The Fourteenth Amendment procedurally protects the security of property interests that a person *has already acquired,* and to have a property interest in a benefit a person must have more than a unilateral expectation of it. *Board of Regents v. Roth,* 408 U.S. at 576, 577, 92 S.Ct. at 2708, 2709. The General Assembly of the Commonwealth was free to create or not to create an entitlement to a pre-suspension hearing when it enacted KRS 161.-800, and it clearly did not. That the phrase "due process of law" is synonymous with "the law of the land" has been repeatedly recognized. Therefore, the dimensions of the appellants' property interest never extended to include a pre-suspension hearing

that would have otherwise been constitutionally protected.

Accordingly, the judgment of the Henry Circuit Court is hereby affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.